# EXHIBIT
# A

COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

MWB Development III LLC vs. Truist Bank

CASE NUMBER: CL-2026-0012042

TO: Truist Bank
Serve: RA Corporation Service Company
100 Shockoe Slip Floor 2
Richmond VA 23219-4100

SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia on July 28, 2026.

CHRISTOPHER J. FALCON, CLERK

By: ______________________
Deputy Clerk

Plaintiff's Attorney: Fitzgerald Lewis

# FAIRFAX CIRCUIT COURT
# CIVIL CASE COVERSHEET

2026 12042

**Parties:**

| Plaintiffs | Defendants |
|---|---|
| 1. | 1. Truist Bank |
| 2. MWB Development III, LLC | 2. |
| 3. | 3. |

***Plaintiff proceeding without Counsel – Address and Daytime Phone Number required on Complaint**

**Plaintiff/Attorney for Plaintiff:**

| | |
|---|---|
| Name: Fitzgerald Lewis | Bar ID: VSB: 70452 |
| Firm: Law Offices of Lewis & Associates P.C. | |
| Street: 6066 Leesburg Pike, 9th Floor | |
| City: Falls Church State: VA | Zip: 22041 |
| Phone Number: (703) 912-3100 | Fax Number: (703) 425-6300 |
| E-mail Address: flewis@lewisatlaw.com | |

FILED
CIVIL INTAKE
2026 JUL 27 A 10: 14
CHRISTOPHER J. FALCONI
CLERK, CIRCUIT COURT
FAIRFAX, VA

**Nature of Complaint** (Check only one) *** Cases in the Civil Tracking Program**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | Administrative Appeal | ☐ | Defamation * | ☐ | Malpractice – Medical * |
| ☐ | Affirmation of Marriage | ☐ | Delinquent Taxes * | ☐ | Mechanics/Vendors Lien * |
| ☐ | Aid & Guidance | ☐ | Eminent Domain | ☐ | Partition * |
| ☐ | Appeal Decision of Board of Zoning | ☐ | Encumber/Sell Real Estate | ☐ | Personal Injury – Assault * |
| ☐ | Appeal of Process/Judicial Appeal | ☐ | Erroneous Assessments | ☐ | Personal Injury – Auto * |
| ☐ | Appointment Church/Organization Trustees | ☐ | Expungement | ☐ | Personal Injury – Emotional * |
| ☐ | Arbitration | ☐ | False Arrest/Imprisonment* | ☐ | Personal Injury – Premises Liability* |
| ☐ | Attachment | ☐ | Fiduciary/Estate Complaint | ☐ | Property Damage* |
| ☐ | Complaint – Equity * | ☐ | Garnishment–Federal–180 days | ☐ | Products Liability* |
| ☐ | Complaint – Legal Cause of Action * | ☐ | Garnishment–Wage–180 days | ☐ | Quiet Title * |
| ☐ | Compromise Settlement | ☐ | Garnishment–Other – 90 days | ☐ | Real Estate * |
| ☐ | Condemnation* | ☐ | Guardian/Conservator Adult | ☐ | Restoration of Driving Privilege |
| ☐ | Confession of Judgment | ☐ | Guardianship/Minor | ☐ | Vital Record Correction |
| ☐ | Construction * | ☐ | Injunction | ☐ | Writ Habeas Corpus |
| ✓ | Contract * | ☐ | Interpleader | ☐ | Writ Mandamus |
| ✓ | Conversion* | ☐ | Insurance * | ☐ | Wrongful Death* |
| ☐ | Court Satisfaction of Judgment | ☐ | Judicial Review | ☐ | Wrongful Discharge * |
| ☐ | Declare Death | ☐ | Malicious Prosecution * | ☐ | **OTHER:** Negligence |
| ☐ | Declaratory Judgment * | ☐ | Malpractice – Legal * | | |

**Damages in the amount of $**375,000 **are claimed.**

**Requested Service:** Sheriff ✓ Private Process Server ☐ DMV ☐ Secretary of Commonwealth ☐ State Corporation Commission ☐ Publication ☐ No Service at this time ☐

**VIRGINIA: IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

**MWB DEVELOPMENT III, LLC**

Plaintiff

**v.**

**TRUIST BANK**
214 N Tryon St
Charlotte, NC, 28202

SERVE: Registered Agent Corporation
Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219-4100

Defendant.

**Case No.:** 2026 12042

FILED
CIVIL INTAKE
2026 JUL 27 A 10: 14
CHRISTOPHER J. FALCON
CLERK, CIRCUIT COURT
FAIRFAX, VA

**COMPLAINT**

COMES NOW the Plaintiff MWB Development III, LLC ("Crafthouse Reston") by and through the undersigned counsel, and file this Complaint for damages against Defendant Truist Bank ("Truist" or "Defendant"), and in support thereof state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to Va. Code Ann. § 17.1-513, which grants circuit courts original and general jurisdiction of all civil cases.
2. The amount in controversy exceeds $50,000.00, exclusive of interest and costs, satisfying the circuit court's jurisdictional threshold under Va. Code Ann. § 16.1-77.
3. This Court has in personam jurisdiction over Defendant because Defendant is a banking corporation that regularly and systematically conducts substantial business activity in the Commonwealth of Virginia and specifically in Fairfax County, Virginia, where Defendant amongst other branches, maintains a branch office located at 5871 Leesburg

Pike, Falls Church, Virginia 22041, and where the events giving rise to this action occurred.

4. Venue is proper in the Circuit Court of Fairfax County pursuant to Va. Code Ann. § 8.01-262(4), as the cause of action, or part thereof, arose in Fairfax County, Virginia. Specifically, on July 22, 2026, managing member, Fitzgerald Lewis was unable to lawfully and in accordance with the terms of the certificate of deposit (CD) liquidate the CD due to Defendant's actions and inactions by failing to update the managing member information on MWB Development III, LLC's certificate of deposit account when Crafthouse Reston was denied access to business funds at Defendant's branch office located at 5871 Leesburg Pike, Falls Church, Virginia 22041, thereby suffering injury and damages in Fairfax County.

5. Alternatively, venue is proper in Fairfax County pursuant to Va. Code Ann. § 8.01-262(3), as Defendant regularly conducts substantial business activity in Fairfax County and there exists a practical nexus to the forum, including the location of Defendant's Fairfax County branch where Crafthouse Reston was denied account access on July 22, 2026, the presence of fact witnesses who observed the denial of access, and evidence relevant to this action.

## PARTIES AND RELEVANT PERSONS

6. Plaintiff MWB Development III, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its corporate offices located at 6066 Leesburg Pike, 9th Floor, Falls Church, Virginia 22041. MWB Development III, LLC conducts business under the trade name "Crafthouse Reston."

7. Defendant Truist Bank is a national banking corporation organized under the laws of North Carolina, with its principal place of business located at 214 North Tryon Street, Charlotte, North Carolina 28202. Defendant operates multiple branch offices throughout the United States, including locations in Fairfax County, Virginia, where it regularly and systematically conducts substantial banking and financial services business. Defendant maintains a branch office at 5871 Leesburg Pike, Falls Church, Virginia 22041, where the events giving rise to this action occurred.

**STATEMENT OF FACTS COMMON TO ALL COUNTS**

8. Fitzgerald Lewis, is the duly appointed and current managing member of Crafthouse Reston.

9. Crafthouse Reston maintains a business CD with the Defendant, with account number ending in [redacted]6408.

10. On or about September 10th, 2020, Fitzgerald Lewis, was designated as the sole managing member of Crafthouse Reston, replacing the prior managing member, Evan Matz (see Exhibit "A")

11. Following his designation as managing member, Fitzgerald Lewis visited Defendant's branch office located in Arlington Virginia, accompanied by the former managing member, Evan Matz, for the purpose of updating the account information and designating Fitzgerald Lewis as the authorized managing member on the Certificate of Deposit account in place of Evan Matz.

12. During this visit, Fitzgerald Lewis provided Defendant with all necessary documentation evidencing his authority as managing member of Crafthouse Reston and requested that the account be updated to reflect Fitzgerald Lewis as the authorized managing member

with full access to all certificate of deposit accounts and any other matters Defendant held for Crafthouse Reston.

13. Defendant acknowledged receipt of the documentation and assured Fitzgerald Lewis and Evan Matz that the bank account records for the CD have been updated to reflect Fitzgerald Lewis as the new authorized managing member of Crafthouse Reston.

14. Defendant successfully changed the address associated with the CD account from the prior managing member's address to the address designated by Fitzgerald Lewis of 12995 Wyckland Drive, Clifton Virginia 20124.

15. Since September 10, 2020, Crafthouse Reston has been receiving all notices, statements, and correspondence regarding the CD at the updated and correct address. Also, on multiple occasions, Fitzgerald Lewis has communicated with Defendant to roll over the CD and Defendant has acknowledged Lewis's authority as the Managing Member of Crafthouse Reston.

16. The receipt of all CD notices, statements, and correspondence at the updated address demonstrates that Defendant processed Crafthouse Reston's account update request and successfully implemented at least part of the requested changes.

17. On July 22, 2026 at around 1:00pm EST, Fitzgerald Lewis called Defendant in attempts to withdraw the $27,896.02 from the CD account.

18. During this call Fitzgerald Lewis was asked to confirm information, including his name, social security number, and account number, all which was confirmed by the Defendant's representative.

19. After talking for about 25 minutes, Fitzgerald Lewis was told he must come in-person to a branch in order to liquidate the CD and will need to bring his identification.

20. Later that same day, on July 22, 2026 around 3:00pm Fitzgerald Lewis visited Defendant's branch location at Bailey's Crossroads, 5871 Leesburg Pike, Falls Church, VA 22041, for the purpose of accessing his business funds and liquidating the CD.
21. Upon arrival at the branch and waiting around 30 minutes to be attended to, Fitzgerald Lewis requested to liquidate CD funds from Crafthouse Reston's account, as his right as current acting managing member.
22. Defendant's customer service representative and the Bank Manager informed Fitzgerald Lewis that the CD can only be liquidated by Evan Matz and Mr. Matz must come in person as Mr. Matz is the only person authorized to take any actions needed on the account.
23. Despite having updated all the other information on the account years earlier, and despite having provided information to Fitzgerald Lewis earlier that same day, confirming Fitzgerald Lewis's was the authorized person to liquidate the CD, Defendant refused to allow Crafthouse Reston to liquidate funds from the account.
24. Crafthouse Reston continues to be denied access to the funds held by the Defendant, despite Fitzgerald Lewis being the current, sole authorized managing member who is allowed to act on behalf of Crafthouse Reston.
25. Defendant has unlawfully continued to exercise dominion and control over funds belonging to Crafthouse Reston and has filed to comply with the lawful demands of Crafthouse Reston to liquidate the CD.

**COUNT I – BREACH OF CONTRACT**

26. Crafthouse Reston restates and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. A valid and enforceable contract exists between Crafthouse Reston and Defendant pursuant to which Defendant agreed to maintain business banking accounts for Crafthouse Reston and to provide account access to authorized representatives of Crafthouse Reston.

28. Defendant was required to properly maintain accurate account records and to update authorized signatories and managing member information upon receipt of appropriate documentation to fulfil the obligations it had undertaken under the CD account contract.

29. Fitzgerald Lewis, as the duly authorized managing member of Crafthouse Reston, provided Defendant with all necessary documentation to update the account records to reflect Fitzgerald Lewis as the managing member.

30. Defendant accepted the documentation, and undertook to update the account records accordingly.

31. By accepting the documentation and undertaking to update the account, Defendant had a continuing obligation to keep correct and accurate records including the fact Fitzgerald Lewis is the sole managing member who could act on behalf of Crafthouse Reston.

32. Crafthouse Reston performed all obligations under the contract, including providing proper documentation, visiting the branch with the prior managing member to facilitate the transition, and providing proper identification when requesting account access on July 22, 2026.

33. Defendant violated and breached its contractual obligations by denying Crafthouse Reston access to liquidate the CD on July 22, 2026, despite Fitzgerald Lewis being the current and the only managing member who could act on behalf of Crafthouse Reston.

34. Defendant's breach was material in that is defeated an essential purpose of the contract, namely, to allow the authorized managing member of Crafthouse Reston to access the business account and conduct banking transactions on behalf of the business.

35. As a direct and proximate result of Defendant's breach, Crafthouse Reston has suffered damages, including but not limited to:

   a. Loss of use of business funds in an amount exceeding $25,000;

   b. Inability to complete necessary business transactions;

   c. Damage to business reputation and creditworthiness;

   d. Lost business opportunities;

   e. Inconvenience and additional costs associated with being denied account access;

   f. Loss of time and productivity in attempting to resolve the issue.

**<u>COUNT II – NEGLIGENCE</u>**

36. Crafthouse Reston restates and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Defendant owed a duty of care to Crafthouse Reston to exercise reasonable care and to provide access to funds when needed by Crafthouse Reston.

38. This duty arose from the banking relationship between Defendant and Crafthouse Reston.

39. Defendant's failure to liquidate the CD upon request constitutes negligence in the performance of its banking services.

40. Defendant further breached its duty of care by providing Fitzgerald Lewis with information on July 22, 2026, confirming that Fitzgerald Lewis's name was associated with the account, and then later that same day denying Fitzgerald Lewis access to liquidate the CD.

41. Defendant's negligence included, but was not limited to, failing to reconcile the discrepancy between providing information to Fitzgerald Lewis confirming Fitzgerald Lewis's name was associated with the account and then denying access to liquidate the CD.

42. Defendant's negligent conduct was the direct and proximate cause of the damages suffered by Crafthouse Reston.

43. As a direct and proximate result of Defendants negligence, Crafthouse Reston has suffered damages, including but not limited to:

   a. Loss of use of business funds in an amount exceeding $25,000.00;

   b. Inability to complete necessary business transactions;

   c. Damage to business reputation and creditworthiness;

   d. Lost business opportunities;

   e. Inconvenience and additional costs associated with being denied account access;

   f. Loss of time and productivity in attempting to resolve the issue.

**COUNT III– CONVERSION**

44. Crafthouse Reston restates and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. At all relevant times, Crafthouse Reston owned and had a clear, definite, undisputed, and obvious property right in the CD and was entitled to immediate possession of the funds represented by the CD through acts of its managing member, Fitzgerald Lewis.

46. The Certificate of Deposit is a documented intangible property right that arises from and is merged with a document.

47. Defendant wrongfully exercised and assumed authority over the CD and the funds it represents.

48. Defendant wrongly exerted dominion and control over the CD by refusing to disperse the funds to Crafthouse Reston despite Crafthouse Reston's clear right to possession.

49. Defendant's refusal to release the funds to Fitzgerald Lewis was wrongful, as Defendant had previously acknowledged Crafthouse Reston's ownership interest.

50. Defendant's actions deprived Crafthouse Reston of possession of the CD and the funds it represents.

51. Defendant's exercise of dominion over the CD was in denial of and inconsistent with Crafthouse Reston's ownership rights. Defendant did not make any effort to correct the information nor did it take any steps to confirm the information provided by Fitzgerald Lewis. Defendant summarily discharged Crafthouse Reston's request to confirm the information which it could have done so with very little effort as this information resides with the Defendant. Defendant showed a callous disregard for Crafthouse Reston's rights and it did so to exercise unlawful dominion and control over Crafthouse Reston's property.

52. As a direct and proximate result of Defendant's conversion, Crafthouse Reston has suffered damages including but not limited to, loss of the use of funds from the Certificate of Deposit in the amount of $27,896.02.

## PRAYER FOR RELEIF

WHEREFORE, MWB Development III, LLC respectfully request that this Court enter judgement in favor of MWB Development III, LLC and against Truist Bank as follows:

1. Awarding Crafthouse Reston compensatory damages in an amount exceeding $75,000.00 to be determined at trail, including all economic and consequential damages resulting from Defendant's conduct;
2. Awarding Crafthouse Reston punitive damages in an amount of $350,000 to punish Defendant's conduct as Defendant's conduct involves egregious circumstances of malice, fraud, or a conscious, willful disregard of Crafthouse Reston's property rights and to deter similar conduct in the future;
3. Awarding Crafthouse Reston pre-judgment interest as provided by law;
4. Awarding Crafthouse Reston post-judgement interest as provided by law;
5. Awarding Crafthouse Reston costs of suit as provided by law;
6. Awarding Crafthouse Reston reasonable attorney's fees as provided by law;
7. Ordering Defendant to immediately correct its account records to reflect Fitzgerald Lewis as the authorized managing member of Crafthouse Reston, and provide Fitzgerald Lewis with the full and immediate account access;
8. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

MWB Development III, LLC hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,
**MWB Development III, LLC**
*By Counsel*

/s/ *Fitzgerald Lewis*
Fitzgerald Lewis (VSB #70452)
Law Offices of Lewis & Associates
6066 Leesburg Pike, 9th Floor
Falls Church, VA 22041
Telephone: (703) 912 - 3100
Email: flewis@lewisatlaw.com
*Counsel to MWB Development III, LLC*

# EXHIBIT

# A

**Resignation of Managing Member and Member**

Evan S. Matz
721 E. Custis Avenue
Alexandria, VA 22301

September 10, 2020

MWB Development I, LLC
901 N. Glebe Road, #105
Arlington, VA 22203

To Whom It May Concern:

I Evan S. Matz, effective the close of business on September 10, 2020, hereby resign as the General Member and Member of MWB Development I, LLC, a Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia.

Evan S. Matz

STATE OF VIRGINIA, COUNTY
OF FAIRFAX, to wit:

SUBSCRIBED AND SWORN TO before me the undersigned notary public, by the said, Evan Matz this the 10th day of September 2020.

Registeration Number: 7764788

My Commission Expires: 10-31-22

10-31-22

TRAVIS DANIEL WILSON
NOTARY PUBLIC
REGISTRATION # 7764788
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
10-31-22