**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MWB DEVELOPMENT III, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRUIST BANK,<br><br>Defendant. | Civil Action No. 26-02790 |

# AMENDED NOTICE OF REMOVAL

Defendant Truist Bank ("Truist") provides notice pursuant to 28 U.S.C. §§ 1332, 1441, & 1446 of the removal of the above-captioned case from the Circuit Court of Fairfax County (the "State Court") to the United States District Court for the Eastern District of Virginia. As grounds for removal, Truist states as follows:

## BACKGROUND

1. On July 27, 2026, MWB Development III, LLC ("Plaintiff") initiated this action against Truist in the State Court. The State Court assigned the case No. 2026-12042.

2. On August 6, 2026, Truist was served with the Summons and Complaint attached hereto as **Exhibit A**.

3. Plaintiff brings claims against Truist for breach of contract, negligence, and conversion relating to a certificate of deposit account that Plaintiff held with Truist.

## JURISDICTION AND VENUE

4. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Truist are citizens of different states and the amount in controversy exceeds $75,000.

5. Plaintiff is a limited liability company whose members, upon information and belief, are citizens of Virginia. Therefore, Plaintiff is a citizen of Virginia. *See Cent. W. Va. Energy Co. v. Mt. State Carbon, Ltd. Liab. Co.*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]") (citation omitted).

6. Truist is a state-chartered bank organized under the laws of North Carolina with its principal place of business in North Carolina. Therefore, Truist is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1).

7. The amount in controversy exceeds $75,000 because Plaintiff seeks compensatory damages "exceeding $75,000.00[,]" punitive damages of $350,000, and attorney's fees. Complaint at 10.

8. Pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 3, the Alexandria Division of the Eastern District of Virginia is the proper venue for removal because the State Court is located herein.

**PROCEDURAL COMPLIANCE**

9. Copies of the Summons and Complaint, which are the only process, pleadings, or orders served on Truist in the State Court proceedings, are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

10. Removal of this action is timely. Truist is effecting removal within 30 days of being served on August 6, 2026. *See* 28 U.S.C. § 1446(b)(1).

11. Truist is contemporaneously filing a copy of this Notice of Removal in the State Court and serving a copy hereof to Plaintiff. *See* 28 U.S.C. § 1446(d).

12. By filing this Notice, Truist does not waive its right to assert any defenses that may be available under applicable law.

WHEREFORE, Truist provides notice of the removal of this action to the United States District Court for the Eastern District of Virginia and requests that this Court assume full jurisdiction over this cause as provided for by law.

Respectfully submitted,

Dated: August 27, 2026.

*/s/ John D. Sadler*

John D. Sadler
Matthew D. Lamb
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, D.C. 20006
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
sadlerj@ballardspahr.com
lambm@ballardspahr.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2026, I caused the foregoing document to be served to the following via first class mail and e-mail:

Fitzgerald Lewis
LAW OFFICES OF LEWIS & ASSOCIATES
6066 Leesburg Pike, 9th Floor
Falls Church, VA 22041
flewis@lewisatlaw.com

*Counsel for Plaintiff*

*/s/ John D. Sadler*
John D. Sadler